UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: JAMES TRUELL

20-CV-0839 (LLS); 20-CV-0992 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff James Truell, currently detained on Rikers Island, is proceeding *pro se* and *in forma pauperis* (IFP). The Court's docket shows that he has three cases pending in this District: *Terry, et al. v. City of New York*, 19-CV-9688 (LGS); *Truell v. City of New York*, 20-CV-0839 (LLS); and *Truell v. City of New York*, 20-CV-0992 (LLS).

According to the Clerk's Office, $350 was deducted from Plaintiff's prisoner account to cover the filing fee for No. 19-CV-9688, in which there are three plaintiffs,[1] and another $350 was deducted from Plaintiff's prisoner account to cover the filing fee for No. 20-CV-0992, in which he is the sole plaintiff. Because Plaintiff has not yet been granted IFP status in 20-CV-0839, no deductions have been taken from his prisoner account for that case.[2]

---

[1] Although the Second Circuit has not reached the issue, the Third, Seventh, and Eleventh Circuits have held that the Prison Litigation Reform Act, 28 U.S.C. § 1915, requires each prisoner to pay a full filing fee, regardless of whether the prisoner has joined with others to file in one case or is proceeding as the sole plaintiff. *See, e.g.*, *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001), *cert. denied sub nom. Hubbard v. Hopper*, 534 U.S. 1136 (2002); *Miller v. Annucci*, No. 18-CV-37 (CM) (S.D.N.Y. Feb. 27, 2018) (noting that *Hubbard*, *Hagan*, and *Boriboune* are "consistent with the Second Circuit's recognition that the PLRA was intended to deter the filing of frivolous lawsuits by prisoners," and that allowing prisoners to "split the cost of one filing fee between them would undermine the deterrent effect of the PLRA filing fee requirement" (quoting *Ashford v. Spitzer*, No. 08-CV-1036, 2010 U.S. Dist. LEXIS 147041, at *13 (N.D.N.Y. Mar. 16, 2010))). *But see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) (declaring in an administrative order that "any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners"); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999) (holding that costs assessed under 1915(f) must be apportioned equally among prisoner plaintiffs).

[2] In this Court, deductions do not commence until IFP status is granted, at which point the Court orders the agency having custody of a prisoner to forward payments from the prisoner's account to the Clerk of Court each time the amount in the prisoner account exceeds $10, until the

On June 15, 2020, the Court received a letter from Plaintiff in which he states that another Rikers detainee submitted the complaints assigned Dkt. Nos. 20-CV-0839 and 20-CV-0992 in his name, without his knowledge or consent. Plaintiff asks that those two cases be closed. Plaintiff further asserts that $700 in filing fees was deducted from his prisoner account to cover filing fees for 20-CV-0839 and 20-CV-0992, and he asks that the $700 be returned to him.

The Court construes Plaintiff's letter as a request to voluntarily dismiss 20-CV-0839 and 20-CV-0992 under Rule 41(a) of the Federal Rules of Civil Procedure. Because Plaintiff asserts that he did not file those cases, the Court grants that request.

The Court has determined, however, that Plaintiff is entitled to the return of $350, not $700. Plaintiff was charged $350 for No. 19-CV-9688, but in his letter, he does not appear to disavow his participation in that case. Moreover, Plaintiff and members of his family have submitted multiple letters in No. 19-CV-9688, which strongly suggests that Plaintiff is a knowing participant in that matter. (*See* ECF 15, 18, 25, 29, 38).

In summary: (1) Plaintiff is not entitled to a refund in connection with Dkt. No. 19-CV-9688, because he has consented to participate in that case; (2) Plaintiff was not charged the filing fee for No 20-CV-0839; and (3) Plaintiff was charged $350 for 20-CV-0992, a case that he claims he did not file. Accordingly, Plaintiff is entitled to the return of $350 for 20-CV-0992.

Finally, it appears that Plaintiff's address has changed. The Court's docket shows Plaintiff's address to be the George R. Vierno Center (GRVC) on Rikers Island. According to the New York City Inmate Lookup System, Plaintiff is currently housed at the Otis B. Bantam

---

filing fees are paid. 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody).

Center (OBCC). The Clerk of Court is directed to mail this order to the following address: James Truell, 8950000321, Otis B. Bantam Center, 16-00 Hazen Street, East Elmhurst, N.Y. 11370. Within thirty days from the date of this order, Plaintiff must update his address with the Court by submitting a change of address bearing the docket numbers of all three cases. Once Plaintiff confirms that O.B.C.C. is his current mailing address, the Clerk of Court will issue a check to Plaintiff in the amount of $350 — because he was charged a filing fee for No. 20-CV-0992, a case he claims that he did not file — and mail it to him via certified mail.

## CONCLUSION

The Clerk of Court is directed to docket a copy of this order in both cases, mail a copy of this order to Plaintiff, and note service on the docket. The complaints in 20-CV-0839 and 20-CV-0992 are voluntarily dismissed under Fed. R. Civ. P. 41(a).

Once Plaintiff confirms that O.B.C.C. is his current mailing address, the Clerk of Court will issue a check to Plaintiff in the amount of $350 and mail it to him via certified mail.

SO ORDERED.

Dated:   July 22, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

3